UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

In Re:  Donald James Keenan                    Bankruptcy Case Number: 13-11899
        Bonnie Lee Keenan                      Chapter 7
_____

Donald James Keenan, and
Bonnie Lee Keenan
        Plaintiffs

VERSUS                                         ADVERSARY PROCEEDING
                                               NUMBER:

GLAY H. COLLIER, II,
GLAY H. COLLIER II, LLC, and
McBride & Collier II, LLC
        Defendants
_____

COMPLAINT

Now Into Court through undersigned counsel come the Plaintiffs, Donald James Keenan and Bonnie Lee Keenan, who represent:

1.

Plaintiffs filed for relief under chapter 7 of Title 11 of the United States Code (hereinafter referred to as the Bankruptcy Code) on 7/30/2013. Plaintiffs' bankruptcy case number is 13-11899 filed in the United States Bankruptcy Court for the Western District of Louisiana. Plaintiffs are natural persons, are residents of Bossier Parish, Louisiana, and are domiciled in Bossier Parish, Louisiana.

2.

Made defendants herein are:

a. Glay H. Collier II, who is a resident of and is domiciled in Bossier Parish, Louisiana.

Glay H. Collier II is an attorney and a partner of the law firm of McBride & Collier,

and the law firm's successors in interest, McBride & Collier, LLC, Glay H. Collier II, LLC. Glay H. Collier II has a law office located at 920 Piermont Road, Suite 511, Shreveport, LA 71106 and an office located at 320 Pine Street, Monroe, LA 71201 (hereinafter Glay H. Collier II will be referred to as "Collier").

b. McBride & Collier, LLC, a Louisiana limited liability company, and successor in interest of the Louisiana General Partnership of McBride & Collier, that maintains or previously maintained a law office at 920 Pieremont Road, Suite 511, Shreveport, LA 71106, and a law office at 320 Pine Street, Monroe, LA 71201, and a law office at 201 Jackson Street, Suite 101, Alexandria, LA 71301.

c. Glay H. Collier II, LLC, a Louisiana limited liability company, and successor in interest of the Louisiana General Partnership of McBride & Collier and the law firm of McBride & Collier, LLC, that maintains or previously maintained a law office at 920 Pierremont Road, Suite 511, Shreveport, LA 71106, and a law office at 320 Pine Street, Monroe, LA 71201.

d. Continental Casualty Company (hereinafter referred to as "Continental"), a foreign insurance company authorized to do and doing business in the State of Louisiana, which may be served through the Secretary of State of Louisiana, 8585 Archives Avenue, Baton Rouge, LA 70809.

3.

The Court has jurisdiction of this action pursuant to 28 U.S.C. §1331, §1334(b), §1337. This is a proceeding arising under Title 11 of the United States Code pursuant to 11 USC §101, §105(a), §329, §362, §521, §526, §527, §528, and §524, Bankruptcy Rules 2016(b), and

7001(1). Additional causes of action asserted herein arise from the same facts and arise in or related to a case under Title11 of the United States Code.

4.

This is a core proceeding under 28 U.S.C. §157(b)(1), and §157(b)(2)(A).

5.

After a class action complaint was filed in Dorothy Marie Wheeler vs. Glay H. Collier, Thomas C. McBride, and the law firm of McBride & Collier, Civil Action 11-1670, United States District Court, Western District of Louisiana[1] in which the Dorothy Marie Wheeler alleged the violations of §362, §526, §528, and §524(a)(2) as alleged in this complaint, the legal entities of McBride & Collier, LLC, Thomas C. McBride, LLC, and Glay H. Collier, LLC were formed on or about 3/1/2011 in part because of potential liability of that the Wheeler complaint.

6.

The U.S. District Court ruled legal entities of McBride & Collier, LLC, Thomas C. McBride, LLC, and Glay H. Collier II, LLC are successors in interest to the law firm of McBride & Collier.[2]

7.

Collier, the law firm of McBride & Collier, LLC, and Glay H. Collier, II, LLC represented the plaintiffs in a chapter 7 bankruptcy case number 13-11899, which was filed on 7/30/2013.

---

[1] Initially the Wheeler complaint was filed on January 10, 2011 with adversary proceedings number 11-1001 in the United States Bankruptcy Court for the Western District of Louisiana, and the reference was withdrawn to the United States District Court in the Western District of Louisiana on the defendants' motion requesting a jury trial.

[2] In Civil Action 11-1670 describe in the previous paragraph, the Honorable S. Maurice Hicks ruled that McBride & Collier, LLC, Thomas C. McBride, LLC, and Glay H. Collier, II LLC are successors in interest to the law firm of McBride & Collier.

8.

The claim against plaintiffs by Collier, the law firm of McBride & Collier, LLC, and Glay H. Collier II, LLC was a prepetition claim against the plaintiffs.

9.

The plaintiff's received their order of discharge in bankruptcy on 12/02/2013.

10.

The claim against plaintiffs by Collier, the law firm of McBride & Collier, LLC, and Glay H. Collier II, LLC was discharged in bankruptcy.

11.

The plaintiffs' debts consists primarily consumer debts, and the value of the plaintiffs' none exempt assets are less than the statutory limits for an assisted person in Bankruptcy Code Section 101(3).[3]

12.

The plaintiffs are "assisted persons" within the meaning of Bankruptcy Code Section 101(3) of the United States Bankruptcy Code.[4]

13.

Collier, the law firm of McBride & Collier, LLC, and Glay H. Collier II, LLC provided bankruptcy assistance to the plaintiffs **for money**, by providing bankruptcy information, bankruptcy advice, bankruptcy counsel, preparation of bankruptcy petition, schedules, statements, and related forms, attendance at a 341 creditors' meeting, and appearing as attorneys for the plaintiffs in their bankruptcy case.[5]

---

[4] Pursuant to Bankruptcy Code Section 101(3) the term "assisted person" means any person whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $175,750.00 (in 2013).
[5] Pursuant to Bankruptcy Code Section 101(4) the term "bankruptcy assistance" means any goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document

14.

By providing "bankruptcy assistance" for money to the plaintiffs, "assisted persons", the defendants, Collier, the law firm of McBride & Collier, LLC, and Glay H. Collier II, LLC, are "debt relief agencies" as defined by Bankruptcy Code Section 101(12A).

15.

Collier, the law firm of McBride & Collier, LLC, and Glay H. Collier II, LLC, as "debt relief agencies", were required to execute the Bankruptcy Code Section 528(a)(1) statutorily required contact with the plaintiffs that explains clearly and conspicuously (A) the services they would provide to the plaintiffs, and (B) the fees and charges for such services, and the terms of payment.

16.

Collier, the law firm of McBride & Collier, LLC, the law firm of Glay H. Collier II, LLC either intentionally or negligently failed to comply with this requirements of Bankruptcy Code Section 528(a)(1) and execute with the plaintiffs the statutorily required contract.

17.

Collier, the law firm of McBride & Collier, LLC, and Glay H. Collier II, LLC, as "debt relief agencies", were required by Bankruptcy Code Section 528(a)(2) to provide the plaintiffs a fully executed copy of the statutorily required contract described above in this complaint.

18.

Collier, the law firm of McBride & Collier, LLC, and Glay H. Collier, II, LLC either intentionally or negligently failed comply with this requirement of Bankruptcy Code Section

---

preparation, or filing, or attendance at a creditors' meeting or appearing in a case or representation with respect to a case or proceeding under this title.

528(a)(2) to provide the plaintiffs a fully executed copy of statutorily required §528(a)(1) contract.

19.

Collier, the law firm of McBride & Collier, LLC, and Glay H. Collier II, LLC, as "debt relief agencies", were required to provide the plaintiff the required disclosures pursuant to Bankruptcy Code Section 527(b).[6]

20.

Collier, the law firm of McBride & Collier, LLC, and Glay H. Collier II, LLC either intentionally or negligently failed to comply Bankruptcy Code Section 527(b) and provide required disclosures to the plaintiffs.

21.

The plaintiffs signed a pre-petition ACH/ DEBIT AUTHORIZTION FORM on July 23, 2013, which is attached as Exhibit "A" to this complaint.

---

[6] See Bankruptcy Code Section 527(b) – A debt relief agency providing bankruptcy assistance to an assisted person shall provide each assisted person at the same time as the notices required under subsection (a)(1) the following statement, to the extent applicable, or one substantially similar. The statement shall be clear and conspicuous and shall be in a single document separate from other documents or notices provided to the assisted person:
"Important Information About Bankruptcy Assistance Services From An Attorney or Bankruptcy Petition Preparer.
"If you decide to decide to seek bankruptcy relief, you can represent you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. The Law Requires An Attorney Or Bankruptcy Petition Preparer To Give You A Written Contract Specifying What The Attorney Or Bankruptcy Petition Preparer Will Do For You and How Much It Will Cost. Ask to see the contract before you hire anyone.
"The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need. Although bankruptcy can be complex, many cases are routine.
"Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you. Be sure you understand the relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents called a Petition, Schedules, and Statement of Financial Affairs, and in some cases a Statement of Intention, need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you will have to attend the required first meeting of creditors where you may be questioned by a court official called a 'trustee' and by creditors.
"If you chose to file a chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.
"If you choose to file a chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help with preparing your chapter 13 plan and with the confirmation hearing on your plan, which will be before a bankruptcy judge.
"If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done form someone familiar with that type of relief.
"Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice.

22.

The prepetition ACH DEBIT AUTHORIZATION FORM (Exhibit "A") upon which the defendants, Collier, the law firm of McBride & Collier, LLC, and Glay H. Collier II, LLC, solely relied upon to debit the plaintiff's bank account for a prepetition claim was invalid after the plaintiffs' bankruptcy petition was filed, and the ACH AUTHORIZATION FORM was also void because this agreement did not comply with Bankruptcy Code Section 528(a)(1).[7]

23.

The plaintiffs' bank records indicate that the defendants debited (took) money from the plaintiffs' bank account as follows:

| DATE | AMOUNT |
|---|---|
| 08/23/2013 | $200.00 |
| 09/24/2013 | $200.00 |
| 10/24/2013 | $200.00 |
| 11/25/2013 | $200.00 |
| 12/23/2013 | $200.00 |
| 01/23/2014 | $200.00 |
| 02/24/2014 | $200.00 |
| 03/24/2014 | $200.00 |
| 04/23/2014 | $200.00 |
| 05/23/2014 | $200.00 |
| 06/23/2014 | $200.00 |
| 07/22/2014 | $200.00 |
| TOTAL | $2,400.00 |

---

[7] In Wheeler vs. Collier, et al, Civil Action 11-1670; United States District Court; Western District of Louisiana; Shreveport Division, the Court ruled that the prepetition ACH/ DEBIT AUTHORIZATION FORM was invalid and void pursuant to Bankruptcy Code Section 526(c)(1).

24.

The prepetition claim of Collier, the law firm of McBride & Collier, LLC, and Glay H. Collier II, LLC, and the other defendants were discharged in the plaintiff's bankruptcy.[8]

25.

After the bankruptcy petition was filed the plaintiffs did not authorize Collier, the law firm of McBride & Collier, LLC, and the law firm of Glay H. Collier II, LLC to debit the plaintiffs' bank account.

26.

The actions by Collier, the law firm of McBride & Collier, LLC, and the law firm of Glay H. Collier II, LLC, to debit (take) money from the plaintiffs' bank account were acts to collect a prepetition debt from the plaintiffs after their bankruptcy petition was filed.

27.

Collier, the law firm of McBride & Collier, LLC, and the law firm of Glay H. Collier II, LLC knew about the plaintiffs' bankruptcy petition, knew about the automatic stay [Section 362(a)(6)], and knew about the discharge injunction [Section 524(a)(2)].

28.

Collier, the law firm of McBride & Collier, LLC, and the law firm of Glay H. Collier II, LLC debited (took) collected money four (4) times after their bankruptcy petition was filed and prior to the plaintiffs' bankruptcy discharge, collecting a total of $800.00.

29.

The defendants' acts collecting money from the plaintiffs' bank account after the plaintiffs' bankruptcy petition was filed and before the plaintiffs' bankruptcy discharge was

---

[8] Allan J. Rittenhouse vs. Saul Eisen, U.S. Trustee; 404 F.3d 395 (Sixth Cir. 2005); and Wheeler vs. Collier, et al, Civil Action 11-1670; United States District Court; Western District of Louisiana

granted, were willful violations of the automatic stay provided for in Bankruptcy Code Section 362(a)(6).

30.

Collier, McBride & Collier, LLC, Glay H. Collier, II, LLC willfully violated the discharge injunction eight (8) times after the plaintiffs' bankruptcy discharge by debiting (taking) a total of $1,600.00 from the plaintiffs' bank account after the plaintiffs' bankruptcy discharge was granted.

31.

A legal assistant of the law firm of McBride & Collier, LLC the law firm of Glay H. Collier II, LLC requested the plaintiffs to sign the reaffirmation agreement [docket #8, of the plaintiffs' bankruptcy case 13-11899] of the debt owed to Nationstar Mortgage, LLC, telling the plaintiffs it was necessary sign this document to keep their house.

32.

The plaintiffs signed the reaffirmation agreement on October 22, 2013 without fully understanding the agreement they were signing, why they were signing the agreement, and without understanding the legal effect of and consequences of signing the reaffirmation agreement and default under this agreement.

33.

The Plaintiffs are now are deeply distressed to discover that they could be personally sued for money by Nationstar Mortgage as a consequence of signing the reaffirmation agreement should they default on payments.

34.

Collier did not meet with the plaintiffs and discuss the reaffirmation agreement [docket #8 of the bankruptcy case 13-11899], but signed the certificate by the debtor's attorney in the said reaffirmation agreement making a false statement or oath as follows:

> "I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependant of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement."

35.

Collier's false statement or oath referred to in the previous paragraph 34 herein is a violation Bankruptcy Code Section 526(a)(1), which provides that a "debt relief agency" shall not make any statement . . . that is untrue or misleading . . ."

36.

Collier either intentionally or negligently disregarded the material requirement to meet with the plaintiffs, to fully inform the plaintiffs of the reaffirmation agreement, and to fully advise the plaintiffs of the legal effect and consequences of the reaffirmation agreement and any default under the reaffirmation agreement.

37.

The defendants, Collier, the law firm of McBride & Collier, LLC, Glay H. Collier II, LLC, are liable insolido for the plaintiffs' claims in this complaint.

38.

The defendants are insured by an insurance policy issued by Continental Casualty Company, which covers the defendants' acts herein.

Wherefore the plaintiffs, Donald James Keenan and Bonnie Lee Keenan, pray for judgment according to law (insolido if applicable) against the defendants, Glay H. Collier II, the

law firm of McBride & Collier, LLC, the law firm of Glay H. Collier II, LLC, and Continental Casualty Company for the amount of the $800.00 collected from the plaintiffs after their bankruptcy petition was filed before the plaintiffs discharge was granted, for additional actual damages, for attorney fees, costs, and for punitive damages as provided for in Bankruptcy Code Section 362(k) for willful violation of the automatic stay provisions of Section 362(a)(6);

Further the plaintiffs, Donald James Keenan and Bonnie Lee Keenan, pray for judgment according to law (insolido if applicable) against the defendants, Glay H. Collier II, the law firm of McBride & Collier, LLC, the law firm of Glay H. Collier II, LLC, and Continental Casualty Company for the amount of the $1,600.00 collected from the plaintiffs after their bankruptcy discharge was granted in the form of contempt sanctions pursuant to Section 105(a) for violation of the discharge injunction of Section 524(a)(2), including additional actual damages, attorney fees, costs, and for punitive damages;

Further the plaintiffs, Donald James Keenan and Bonnie Lee Keenan, pray for judgment according to law (insolido if applicable) against the defendants, Glay H. Collier II, the law firm of McBride & Collier, LLC, the law firm of Glay H. Collier II, LLC, and Continental Casualty Company and for liability pursuant to Bankruptcy Code Section 526(c)(2) in the amount of any fees and charges received by the defendants in connection with providing bankruptcy assistance to the plaintiffs, for actual damages, for reasonable attorney fees, for costs, arising from the defendants' intentional or negligent failure to comply with Bankruptcy Code Section 527, Bankruptcy Code Section 528(a)(1)&(2).

Further the plaintiffs, Donald James Keenan and Bonnie Lee Keenan, pray for judgment according to law (insolido if applicable) against the defendants, Glay H. Collier II, the law firm of McBride & Collier, LLC, the law firm of Glay H. Collier II, LLC, and Continental Casualty

Company and for liability pursuant to Bankruptcy Code Section 526(c)(2)(C) for damages arising from the defendants' intentional or negligent failure to comply with the requirements of title 11 requiring the defendants ("debt relief agencies") to fully advise the plaintiffs about the consequences of signing the reaffirmation agreement, yet falsely stating defendants had fully advised the plaintiffs about the reaffirmation agreement.

Further the plaintiff prays for any and all such other relief as is just and equitable.

Respectfully Submitted:
Daye, Bowie & Beresko, APLC
400 Travis Street, Suite 700
Shreveport, LA 71101
(318) 221-0600

_/s/ Ralph Scott Bowie_
Ralph Scott Bowie, LBA #01724
Attorney for Plaintiffs

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

**PLAINTIFFS**
Donald James Keenan and Bonnie Lee Keenan

**DEFENDANTS**
Glay H. Collier II, Glay H. Collier II, LLC, and McBride & Collier, LLC

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Ralph Scott Bowie

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
- [x] Debtor
- [ ] U.S. Trustee/Bankruptcy Admin
- [ ] Creditor
- [ ] Other
- [ ] Trustee

**PARTY** (Check One Box Only)
- [ ] Debtor
- [ ] U.S. Trustee/Bankruptcy Admin
- [ ] Creditor
- [x] Other  Debtors' Former Attorneys
- [ ] Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Defendants did not comply with Sections 526, 527, & 528, and Defendants Willfully Violated Sections 362 and 524(a)(2)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [ ] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [x] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

- [ ] Check if this case involves a substantive issue of state law
- [ ] Check if this is asserted to be a class action under FRCP 23
- [ ] Check if a jury trial is demanded in complaint

Demand $ 50,000.00

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Donald James Keenan and Bonnie Lee Keenan | | BANKRUPTCY CASE NO.<br>13-11899 |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Louisiana | DIVISIONAL OFFICE<br>Shreveport | NAME OF JUDGE<br>Jeffrey P. Norman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Ralph Scott Bowie | | |
| DATE<br>09/03/2014 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ralph Scott Bowie | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the clerk of the court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the clerk of the court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the clerk of the court for each complaint filed. The form is largely self explanatory.

**Parties.** Give the names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. ○ 544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause of action fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

1    Original Proceeding.
2    Removed from a State or District Court.

1    Reinstated or Reopened.
2    Transferred from Another Bankruptcy Court.

**Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, Fed. R. Civ. P., as made applicable by Rule 7023, Fed. R. Bankr. P.

**Demand.** In this space enter the dollar amount being demanded in the complaint. If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Jury Demand.** Check the box only if a jury trial is demanded in the complaint.

**Bankruptcy Case in Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed, and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and the six digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending, and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession, and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee.) There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not presented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.